MARY OWENS, ET AL., *v.* SIMON HOLT, ET AL.

**Trust—Suit to Declare Trust in Land—Innocent Purchasers.**

An agreement between a husband and wife, by which the wife furnishes her husband money to invest in land for her and her children, placed of record in one county is not notice to persons in another county.

**Innocent Purchasers.**

Where a husband takes the money of his wife, which he has agreed by written agreement of record in one county he will invest in real estate for her, and buys land in another county, taking the title in his own name, and afterwards sells the land to persons having no notice of the trust created by the agreement, such purchasers take title freed from such trust; and their title cannot be defeated in a suit to declare the trust brought by the wife after the death of her husband more than twenty years after such purchases are made.

APPEAL FROM BALLARD CIRCUIT COURT.

September 29, 1874.

OPINION BY JUDGE PRYOR:

The agreement upon the part of Thomas H. Owens, the husband, to hold or invest the proceeds of the wife's land in trust for her and

her children, was made on January 17, in the year 1850, and recorded in the clerk's office of the Henry County Court. One of the covenants contained in this instrument was "that Owens, the husband and trustee, would, before any one of the children of Mary Owens (his wife), arrived at the age of twenty-one years, purchase lands in trust for the sole use and benefit of his wife and her children," etc. He received of the purchase money thirteen hundred dollars on the day or about the time the deed was executed. The parties were then living or about to make their permanent home in the county of Ballard. Owens, with a view of investing this money, as the proof conduces to show, had already purchased a tract of land in the latter county from James Husbands, and taken from him his bond for title. This purchase, so far as appears from the bond, was in his own right, and for the reason, if no other, that the trust had not, at that time, been created. He took possession of this land, and held and occupied it as his own from the date of the purchase in 1849 until August, 1858, when he sold the land, or the quarter portion of it, to one Bland, and executed to him his bond for title, at the same time delivering to him the possession. In October, 1869, Bland sold the land to Holt, the appellee, executing a bond for title, and placed him in possession.

On April 8, 1871, the present action in equity was instituted by Mrs. Owens and her children, the father being dead, against Holt and Husbands, alleging that the proceeds of the land held by Mrs. Owens in trust, had been executed by him in the land purchased of Husbands, and that Husbands had never executed a conveyance, and asking the chancellor to enforce the trust by compelling Husbands to convey to them, and to require Holt, the purchaser from Bland, to restore the possession. It appears from the proof in the case that Owens, although he received the money from the sale of his wife's land in the year 1850, and had made the purchase of Husbands the year previous with the intention of making the investment, failed to do so; and Husbands was compelled to institute his action at law upon the notes, and afterwards resorted to a court of equity to enforce his lien. Owens, in the meantime, had been engaged in purchasing and speculating in stock, and had, prior to his death, purchased and sold real estate of much more value than the amount of money held by him in trust. This trust fund, however, constituted the basis of his operations, and was the only capital he had for purposes of speculation. His efforts seem to have been to increase his portion by the use of this money, expecting, no

doubt, that he would realize enough in a few years to make the investment as required by the deed of 1850. His payments to Husbands on this land were made some of them in pork, others in money, all, no doubt, realized from the use of this trust fund. He was in the possession of this large tract of land; and this, connected with the thirteen hundred dollars, gave him a credit that enabled him not only to speculate in live stock, but to make purchases and sales of other lands. His intentions, however, to make the investment in this land, and the fact that he had no other means, if conceded, with which to make the payments, cannot affect the rights of innocent purchasers.

It had been twenty-one years from the date of the deed creating the trust until this action was instituted claiming that the money was invested in the land. No record evidence of its existence was to be found in the county of Ballard; and what written evidence of title was to be found in that county consisted of Owen's bond for title in his own name, the suit at law for the purchase money; the action in equity to enforce the lien pending against Owens and no one else, the occupancy and claim of Owens in his own right, the sale by him to Bland in his undivided character, the sale and conveyance in the same way, the claim of his widow for dower in this same land, and its allotment after his death. All these facts, connected with the entire absence of any notice to purchasers, or even assertion of an equity on the part of the appellants until after the death of Owens, establish as pure and complete an equity in Owens to those who were making an inquiry in regard to the title as could well exist.

This appellee had paid his money for the land. His vendee has also made his payments and that without notice of the trust. The wife's equity, as against the husband or his estate, still exists; but so far as the equitable right to the land is concerned, her claim must yield to that of the appellee. As a general rule, in a contest between equities the older equity prevails, but this doctrine cannot apply in a case like this for the reason that the equity of the purchaser is superior to that of the wife, and in deciding between equities the court must be controlled by equitable principles. The wife might have an equity as against the husband's estate equal or superior to that of a creditor, but has no equity to enforce a trust that, in its effect, exists only by parol, and has been sleeping for twenty years, against an innocent purchaser who is in possession and has paid his money. The testimony of Mrs. Owens to the effect that she intended to

claim the land, is denied by Holt; but if true, could not effect the claim of Bland or a purchaser from him. Owens, by his covenant, was not required to invest the trust fund when received; but was to purchase land and have it conveyed in trust before the children or any of them arrived at age. The parties to the deed evidently contemplated that Owens would use the money, and looked to his covenant to make the purchase at any time prior to the oldest child arriving at age. This accounts for the failure to make the investment at the time the money was received, and although it might have been his intention to do so, he seems to have abandoned it, entertaining, as he no doubt did, the belief, that an investment at any time within the period allowed by the covenant, would be a compliance with its provisions. The judgment of the court below dismissing the petition must be *affirmed.*

*E. Q. Bullock, L. D. Husband, for appellants.*
*J. and J. W. Rodman, for appellees.*